

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*
*Criminal Division*

---

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

July 15, 2019

***Via E-mail***

Stacy Ann Biancamano, Esq.
Biancamano Law, LLC
Cranford Executive Plaza
312 North Avenue East, Suite 7
Cranford, NJ 07016
*sbiancamano@biancamanolaw.com*

Re:   Plea Agreement with Anthony Curto, Jr.

Dear Ms. Biancamano:

This letter sets forth the plea agreement between your client, Anthony Curto, Jr., and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement is contingent upon the approval of the Department of Justice, Tax Division. The government's offer to enter into this plea agreement will expire on July 22, 2019, if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Anthony Curto, Jr. to one count of a two-count Information which charges him with tax evasion in connection with his individual income tax returns for the calendar years 2012 and 2013, in violation of 26 U.S.C. § 7206(1).

If Anthony Curto, Jr. enters a guilty plea for tax evasion for calendar year 2013 and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Anthony Curto, Jr. in connection with his evasion of income taxes or the filing of materially false personal income tax returns for calendar years 2012 through 2013; provided that: (1) Anthony Curto, Jr. admits under

oath at the time of his guilty plea to evading income taxes and filing materially false personal income tax returns for calendar years 2012 through 2013; and (2) this conduct is taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c).

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Anthony Curto, Jr. agrees that any dismissed charges or any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Anthony Curto, Jr. may be commenced against him, notwithstanding the expiration of the limitations period after Anthony Curto, Jr. signs the agreement.

Sentencing

The violation of 26 U.S.C. § 7206(1) to which Anthony Curto, Jr. agrees to plead guilty carries a statutory maximum prison term of three years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Anthony Curto, Jr. is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Anthony Curto, Jr. ultimately will receive.

Further, in addition to imposing any other penalty on Anthony Curto, Jr., the sentencing judge: (1) will order Anthony Curto, Jr. to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Anthony Curto, Jr. to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) may order Anthony Curto, Jr. to pay the costs of prosecution; and (4) pursuant to 18 U.S.C. § 3583, may require Anthony Curto, Jr. to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Anthony Curto, Jr. be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term,

Anthony Curto, Jr. may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Anthony Curto, Jr. agrees to pay restitution in the amount of $175,026 to the Internal Revenue Service ("IRS"). The restitution amount is based upon the total amount of loss for calendar years 2012 and 2013, and shall be paid according to a payment plan established by the Court. If the Court orders Anthony Curto, Jr. to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). Anthony Curto, Jr. does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Anthony Curto, Jr.'s timely payment of restitution, according to that schedule, will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Anthony Curto, Jr. by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Anthony Curto, Jr.'s activities and relevant conduct with respect to this case.

Stipulations

This Office and Anthony Curto, Jr. agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion

upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Anthony Curto, Jr. from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Anthony Curto, Jr. waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Federal Tax Form 870 Waiver

Prior to the date of sentencing, Anthony Curto, Jr. shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or

amended returns, for calendar years 2012 and 2013; (2) provide all appropriate documentation to the IRS in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Anthony Curto, Jr. agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Anthony Curto, Jr. With respect to disclosure of the criminal file to the IRS, Anthony Curto, Jr. waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Anthony Curto, Jr.'s tax returns and return information.

Furthermore, Anthony Curto, Jr. agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2012 through 2013, or for any other amounts paid in accordance with this agreement. Anthony Curto, Jr. agrees that the provisions set forth in this agreement concerning his tax obligations, including those obligations set forth under the caption "Other Provisions" of this agreement are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Anthony Curto, Jr. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Anthony Curto, Jr.

No provision of this agreement shall preclude Anthony Curto, Jr. from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Anthony Curto, Jr. received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Anthony Curto, Jr. and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Craig Carpenito
United States Attorney

By: Bernard J. Cooney
Assistant U.S. Attorney

APPROVED:

David M. Eskew
Chief, Health Care & Government Fraud Unit

I have received this letter from my attorney, Stacy Ann Biancamano, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 7-22-19
Anthony Curto, Jr.

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 7/22/2019
Stacy Ann Biancamano, Esq.

Plea Agreement with Anthony Curto, Jr.

Schedule A

1. This Office and Anthony Curto, Jr. recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Anthony Curto, Jr. nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Anthony Curto, Jr. within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Anthony Curto, Jr. further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case. The applicable guideline is U.S.S.G. § 2T1.1, which directs the application of § 2T4.1. U.S.S.G. § 2T1.1(a)(1).

3. The Base Offense Level is 16 because the total loss amount, including all relevant conduct under U.S.S.G. § 1B1.2(c), for calendar years 2012 and 2013 is $175,026. See U.S.S.G. §§ 2T1.1(a)(1); 2T4.1(F)-(G).

4. As of the date of this letter, Anthony Curto, Jr. has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Thus, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Anthony Curto, Jr.'s acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Anthony Curto, Jr. has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Anthony Curto, Jr.'s offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Anthony Curto, Jr. enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Anthony Curto, Jr.'s acceptance of responsibility has continued through the date of sentencing and Anthony Curto, Jr. therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Anthony Curto, Jr.'s offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Anthony Curto, Jr. is 13 (the "agreed total Guidelines offense level.")

7. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

8. Anthony Curto, Jr. knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.